Rose Marie BROWN, Plaintiff–
Appellee,

v.

JUNCTION POOL COMMONS, INC.,
Lori Ann Bertsch and Elwin Wood,
Defendants–Appellants.

No. 07–1378.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2008.

Ralph L. Puglielle, Jr., of counsel, Tarshins, Catania, Liberth, Mahon & Milligran, PLLC, Newburgh, N.Y., for Defendants–Appellants.

Michael H. Sussman, Sussman & Watkins, Goshen, N.Y., for Plaintiff–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Junction Pool Commons, Inc., Lori Ann Bertsch, and Elwin Wood, (collectively, "the Commons" or "Appellants") appeal the judgment of the United States District Court for the Southern District of New York (Brieant, J.) upholding the jury's finding that the Commons discriminated against Plaintiff–Appellee Rose Marie Brown because of her race, in violation of 42 U.S.C. § 1981. On appeal, the Commons claim that (1) the District Court erred in denying their motion for judgment as a matter of law, (2) several evidentiary errors merit a new trial, and (3) the District Court's decision to grant a remittitur, lowering the jury's verdict from $300,000 to $90,000, still provides Brown with compensatory damages that exceed the pain and suffering she suffered. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

■ First, Appellants contend that the District Court erred in denying their motion for judgment as a matter of law. Reviewing this claim *de novo, Cobb v. Pozzi,* 363 F.3d 89, 101 (2d Cir.2004), we find their claim unpersuasive. As a preliminary matter, we note that Brown's failure to comply with the terms of her lease does not preclude her from bringing a race discrimination claim under 42 U.S.C. § 1981, which protects persons from discrimination not just in the making, but also in the enforcing of contracts. As here, a plaintiff is free to allege that a landlord is treating multiple tenants, each of whom has breached her lease, differently based on race.

■ Furthermore, the District Court did not err in finding that there was sufficient evidence to support the jury's finding that the Commons racially discriminated against Brown in the enforcement of her lease. Brown presented evidence from which a jury could have found that she was a member of a protected class, that she was treated differently than similarly-situated Caucasians, and that the discrimination concerned the activities enumerated in 42 U.S.C. § 1981. *See Martin v. Citibank, N.A.,* 762 F.2d 212, 217 (2d Cir.1985); *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.,* 7 F.3d 1085 (2d Cir.1993) (per curiam). Based on facts presented by Appellee at trial, the jury could have, for example, reasonably believed that the Commons initiated eviction proceedings against Brown when she was not as far behind (or was in fact current) in her rent payments as Caucasian tenants. Indeed, a jury could have reasonably believed that Appellees allowed their similarly situated

Caucasian tenants to fall in arrears on rent as much as ten and seven months prior to subjecting them to eviction proceedings. Appellants proffered several legitimate, non-discriminatory reasons for their actions, each of which is plausible and could have been accepted by the jury. But the jury, given the evidence presented at trial, could also have reasonably found that those proffered reasons were pretextual. We must keep in mind that on reviewing a motion for judgment as a matter of law, the jury is free to believe part and disbelieve part of any witness's testimony. *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir.2007). This Court cannot "assess the weight of conflicting evidence, pass on credibility of the witnesses, or substitute its judgment for that of the jury." *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 60 (2d Cir.1993) (internal quotation marks and citation omitted). Accordingly, the jury's verdict that the Commons violated 42 U.S.C. § 1981 must stand.

Appellants further argue that they are entitled to a new trial because of several alleged evidentiary errors that occurred at trial. We review the denial of a motion for a new trial and evidentiary rulings for abuse of discretion. *See Dailey v. Societe Generale*, 108 F.3d 451, 458 (2d Cir.1997) (new trial); *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006) (evidentiary rulings) *cert. denied*, 549 U.S. 980, 127 S.Ct. 446, 166 L.Ed.2d 317 (2006). We have considered all of Appellants' evidentiary challenges, and conclude that none of the alleged errors constitutes an abuse of discretion.

■ Lastly, Appellants assert that the District Court's remittitur, which reduced the jury's verdict from $300,000 to $90,000, provides for excessive damages. Pursuant to the Second Circuit's practice, district courts should "remit the jury's award only to the maximum amount that would be upheld ... as not excessive." *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1330 (2d Cir.1990). A district court's award of damages on remittitur is reviewed for abuse of discretion. *See Rangolan v. County of Nassau*, 370 F.3d 239, 245 (2d Cir.2004). It is undisputed that Brown is seeking damages only for emotional distress caused by her experience of discrimination; it is also undisputed that she does not have any medical documentation of specific distress. Looking to analogous cases, we nevertheless find that the District Court's award was not excessive. *See, e.g., Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56, 68, 78 (2d Cir.2004) (noting that New York discrimination awards range from $30,000 or below to "more than $100,000 without discussion of protracted suffering, truly egregious conduct, or medical treatment," and rejecting the defendant's challenge to a remittitur order of $125,000 for mental anguish to plaintiffs "who had not offered evidence of treatment or physical sequelae") *vacated and remanded on other grounds, KAPL, Inc. v. Meacham*, 544 U.S. 957, 125 S.Ct. 1731, 161 L.Ed.2d 596 (2005).

We have considered all of Appellants' claims and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.